UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRY YOUNG LANGFORD,

    Petitioner,

v.                                                    Case No. 79-73496

CHARLES ANDERSON,                 HONORABLE AVERN COHN

    Respondent.

_____/

## MEMORANDUM AND ORDER DENYING MOTION UNDER RULE 60(B)(6)

### I. Introduction

Petitioner Terry Young Langford (Petitioner), proceeding pro se, has filed a motion under Fed. R. Civ. P. 60(b)(6) in which he attacks the Court's 1981 judgment denying his habeas petition. For the reason that follow, the motion is DENIED.

### II. Background[1]

Petitioner has a long history of challenging his convictions.

In 1975, Petitioner was convicted of first degree murder in the deaths of Brenda Freeman and her son Johnny. Petitioner was sentenced to two life terms. Petitioner's conviction and sentence were affirmed on appeal. People v. Langford, 76 Mich. App. 197 (1977); People v. Langford, 403 Mich. 835 (1978). The United States Supreme Court denied certiorari. 440 U.S. 964 (1979).

---

[1] The Background was complied from materials Petitioner submitted with his motion, as well as the results of the Court's independent review of relevant court records.

On September 10, 1979, Petitioner filed a pro se application for a writ of habeas corpus under § 2254 claiming that (1) the convictions were obtained by the use of a confession induced by a grant of immunity under a plea agreement and (2) his counsel was ineffective.[2] The Court conducted an evidentiary hearing and directed the filing of supplemental briefs, particularly as to the circumstances the execution of the plea agreements and Petitioner's resulting confession. On March 4, 1981, the Court entered an Opinion and Order Denying Writ of Habeas Corpus. Petitioner appealed. The Court of Appeals for the Sixth Circuit affirmed. The mandate issued in 1983.

Ten years later, on December 9, 1993, Petitioner filed a second pro se petition under § 2254, raising unknown claims.[3] The case was transferred to the Western District of Michigan and referred to a magistrate judge for a report and recommendation. On July 13, 1995, the district court adopted the report and recommendation and dismissed the case. Langford v. LeCureux, 94-CV-68. Petitioner appealed. The Court of Appeals for the Sixth Circuit affirmed. The mandate issued in 1996.

Although not entirely clear, at some point thereafter, it appears that Petitioner returned to the state courts, presumably to file a motion for relief from judgment in the trial court.[4] The motion must have been denied because on March 21, 2006, the Michigan Court of Appeals issued an order denying Petitioner's delayed application for

---

[2] After the filing of the petition, the Court appointed counsel for Petitioner.

[3] Due to the age of the case, the Court is only readily able to retrieve the docket sheet.

[4] Attached to Petitioner's motion is a paper styled "Authorization to File Motion for Relief from Judgment." This paper appears to be some sort of agreement between Petitioner and an attorney regarding the filing of such a motion and is dated September 20, 2003.

leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." People v. Langford, No. 263967 (Mar. 21, 2006). On November 29, 2007, the Michigan Supreme Court issued a similar order. People v. Langford, No. 131130 (Nov. 29, 2007).

On January 4, 2008, the Court received the instant motion, which Petitioner signed and dated December 27, 2007. As will be discussed, from what can be gleaned, Petitioner seeks to vacate the Court's 1981 judgment denying him habeas relief in his 1979 case.

### III. Analysis

#### A.

Federal Rule of Civil Procedure 60(b) reads in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (4) the judgment is void; ... (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions brought under Rule 60(b)(6) must be brought "within a reasonable time." Id. Furthermore, the Court of Appeals for the Sixth Circuit stated that subsection (6) of Federal Rule of Civil Procedure 60(b) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.... Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." Blue Diamond Coal Co. v. Trustees of UMWA, 249 F.3d 519, 524 (6th Cir. 2001) (citations and quotations omitted).

The Court is mindful that when a motion labeled as one pursuant to Rule 60(b)

merely attacks the federal court's previous resolution of a claim on the merits, such a motion must be treated as a second or successive § 2254 petition and therefore requires precertification from the Court of Appeals pursuant to § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531-32, 538, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). "[H]owever, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion can be ruled upon by the District Court without precertification by the Court of Appeals. Id. at 532.

B.

Petitioner claims there was a defect in the integrity of the proceedings related to the resolution of his 1979 habeas petition. Petitioner also says that he is not attempting to re-litigate the issues already decided by this Court. See Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480. To that extent, the Court has considered his arguments in the context of Rule 60(b)(6). Although difficult to discern,[5] Petitioner appears to argue that the Court's failure to advise him that he must raise all possible constitutional claims in his first habeas petition in order to avoid being later subjected to the doctrine of procedural default, renders the 1981 judgment defective. It also appears that Petitioner seeks to raise claims, which he says are new, regarding his actual innocence, the voluntariness of his confession, and newly discovered evidence relating to counsel's alleged absence during part of the plea process. Petitioner presumably recently attempted to raise these claims in the state courts and was denied relief based at least in part based on the doctrine of procedural default.

---

[5] The motion is virtually unintelligible.

Petitioner's motion lacks merit.  The motion clearly has not been brought in a reasonable time.  The Court denied Petitioner's first habeas petition in 1981.  Over ten years later, in 1994, Petitioner filed a second petition which was denied in 1995.  Petitioner again waited several years before returning to the state courts.  The judgment Petitioner seeks to attack is over twenty five years old.  Petitioner does not present any evidence or argument to explain the delay.  Under these circumstances, the delay is unreasonable.

Furthermore, with respect to the relief Petitioner seeks under Rule 60(b)(6), Petitioner has not presented the one of the "unusual and extreme situations where principles of equity mandate relief" such that the Court should proceed against the "public policy favoring finality of judgments and termination of litigation."  Diamond Coal Co., 249 F.3d at 524 (citing Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)).  Petitioner says the Court should have "warned" him of the legal consequences in failing to raise all potential claims in the first petition.  The Court, however, was under no such obligation.

Finally, to the extent that Petitioner argues that Court failed to properly address or resolve the claims which were presented in his 1979 petition, such arguments are not grounds for relief under Rule 60(b)(6).

SO ORDERED.

Dated:  February 11, 2008      　　s/Avern Cohn                          
　　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**79-73496 Langford v. Anderson**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Terry Langford, #128945, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212 on this date, February 11, 2008, by electronic and/or ordinary mail.

                                               s/Julie Owens
                                               Case Manager, (313) 234-5160