UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY YOUNG LANGFORD,

    Petitioner,

v.                                              Case No. 79-73496

CHARLES ANDERSON,                  HONORABLE AVERN COHN

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY[1]

### I. Introduction

Petitioner Terry Young Langford (Petitioner), proceeding pro se, filed a motion under Fed. R. Civ. P. 60(b)(6) in which he attacked the Court's 1981 judgment denying his habeas petition under 28 U.S.C. § 2254. The Court denied the motion. See Memorandum and Order Denying Motion Under Rule 60(B)(6), filed February 11, 2008. Before the Court is Petitioner's motion for a certificate of appealability and notice of appeal. For the reasons that follow, the motion will be denied.

### II. Background

Petitioner has a long history of challenging his convictions which was detailed in the order denying his Rule 60(b)(6) motion. Briefly, in 1975, Petitioner was convicted of first degree murder in the deaths of Brenda Freeman and her son Johnny. Petitioner was sentenced to two life terms. Petitioner's conviction and sentence were affirmed on

---

[1] Petitioner styled the motion as a motion for a certificate of probable cause and notice of appeal, which the Court construed as a motion for a certificate of appealability and a notice of appeal.

appeal. People v. Langford, 76 Mich. App. 197 (1977); People v. Langford, 403 Mich. 835 (1978). The United States Supreme Court denied certiorari. 440 U.S. 964 (1979).

On September 10, 1979, Petitioner filed a pro se application for a writ of habeas corpus under § 2254 claiming that (1) the convictions were obtained by the use of a confession induced by a grant of immunity under a plea agreement and (2) his counsel was ineffective. The Court conducted an evidentiary hearing and directed the filing of supplemental briefs, particularly as to the circumstances the execution of the plea agreements and Petitioner's resulting confession. On March 4, 1981, the Court entered an Opinion and Order Denying Writ of Habeas Corpus. Petitioner appealed. The Court of Appeals for the Sixth Circuit affirmed. The mandate issued in 1983.

Petitioner then filed a second pro se petition under § 2254, raising unknown claims. The case was dismissed. Langford v. LeCureux, 94-CV-68. Petitioner appealed. The Court of Appeals for the Sixth Circuit affirmed. The mandate issued in 1996.

Petitioner then returned to the state courts, presumably to file a motion for relief from judgment in the trial court. The trial court apparently denied the motion. On March 21, 2006, the Michigan Court of Appeals issued an order denying Petitioner's delayed application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." People v. Langford, No. 263967 (Mar. 21, 2006). On November 29, 2007, the Michigan Supreme Court issued a similar order. People v. Langford, No. 131130 (Nov. 29, 2007).

On January 4, 2008, Petitioner filed a Rule 60(b)(6) motion, essentially seeking to vacate the Court's 1981 judgment denying him habeas relief in his 1979 case and to reopen the case.

III. Analysis

A.

Before Petitioner can appeal the Court's decision denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

B.

In denying Petitioner Rule 60(b)(6) relief, the Court explained that:

> The motion clearly has not been brought in a reasonable time. The Court denied Petitioner's first habeas petition in 1981. Over ten years later, in 1994, Petitioner filed a second petition which was denied in 1995. Petitioner again waited several years before returning to the state courts. The judgment Petitioner seeks to attack is over twenty five years old. Petitioner does not present any evidence or argument to explain the delay. Under these circumstances, the delay is unreasonable.
> Furthermore, with respect to the relief Petitioner seeks under Rule 60(b)(6), Petitioner has not presented the one of the "unusual and extreme situations where principles of equity mandate relief" such that the Court should proceed against the "public policy favoring finality of judgments and termination of litigation." Diamond Coal Co., 249 F.3d at 524 (citing Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)). Petitioner says the Court should have "warned" him of the legal consequences in failing to raise all potential claims in the first petition. The Court, however, was under no such obligation.
> Finally, to the extent that Petitioner argues that Court failed to properly address or resolve the claims which were presented in his 1979 petition, such arguments are not grounds for relief under Rule 60(b)(6).

Reasonable jurists would not debate these conclusions. Accordingly, a COA is DENIED.

SO ORDERED.


Dated: March 19, 2008         s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Terry Langford, 128945, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212 on this date, March 19, 2008, by electronic and/or ordinary mail.

                               s/Julie Owens
                              Case Manager, (313) 234-5160