UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY YOUNG LANGFORD,

    Petitioner,

v.                                                                                          Case No. 79-73496

CHARLES ANDERSON,                                                    HONORABLE AVERN COHN

    Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case, filed in 1979, which has long since closed.  However, Petitioner has continued to attempt to challenge the denial of habeas relief.  Most recently, Petitioner filed a paper styled "Motion for Independent Action" in which he asked the Court to "recall" its 1981 judgment denying his habeas petition and essentially reconsider the denial of his Rule 60(b)(6) motion in 2008.  The Court denied the motion.  See Doc. 14.  Petitioner seeks to appeal.  See Doc. 19.  For the reasons that follow, a certificate of appealability (COA) will be denied.

II.

Before Petitioner can appeal the Court's decision, a COA must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the

United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

III.

Having carefully reviewed the file, for all the reasons stated in the October 26, 2010 order, reasonable jurists would not debate whether Petitioner's claim deserved to proceed further or that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.

Dated: July 13, 2011           S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

**79-73496 Langford v. Anderson**
**Order Denying Certificate of Appealability**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Terry Langford, 128945, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 and the attorneys of record on this date, July 13, 2011, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160